KEVIN A. DARBY, ESQ. (NV SB#7670)
TRICIA M. DARBY, ESQ. (NV SB#7956)
TYLER M. ELCANO, ESQ. (NV SB#10578)
DARBY LAW PRACTICE, LTD.
4777 Caughlin Parkway
Reno, Nevada 89519
Telephone: (775) 322-1237
Facsimile: (775) 996-7290
E-mail: kevin@darbylawpractice.com
 tricia@darbylawpractice.com

[Proposed] Counsel for Debtors and
Debtors in Possession

# UNITED STATES BANKRUPTCY COURT

## DISTRICT OF NEVADA

| | |
|---|---|
| In re:<br><br>JAMES FREDERICK RAUM and<br>JULIE ANN MARIE RAUM ,<br><br>            Debtors.<br>_____/ | CASE NO.:    BK-N-12-52643-btb<br>Chapter 11<br><br>**MOTION TO APPROVE USE OF CASH COLLATERAL PURSUANT TO 11 U.S.C. §363 RE: 213 DELWOOD STREET, WESTWOOD, CALIFORNIA**<br><br>Hearing Date:<br>Hearing Time: |

Debtors and Debtors in Possession, JAMES FREDERICK RAUM and JULIE ANN MARIE RAUM , by and through their [proposed] counsel of record, KEVIN A. DARBY, ESQ. of DARBY LAW PRACTICE, LTD., hereby file this motion for an order authorizing Debtors' use of cash collateral (the "Motion") of secured creditor NEVADA STATE BANK ("Secured Creditor"). This Motion is made pursuant to 11 U.S.C. §363 and is supported by the Declaration of Debtors and the following points and authorities.

### POINTS AND AUTHORITIES

**I.    Concise Statement of Requested Relief Per Fed. R. Bankr. P. 4001(b)(1)(B).**

1.    This Motion seeks authority for the Debtors to use cash collateral and for an order granting adequate protection pursuant to Bankruptcy Rule 4001(b) and LR 4001(b) to Secured

Creditor.

2. The Debtors intend to use the cash collateral for ordinary expenses necessary to maintain and preserve the secured creditor's collateral, in accordance with the budget set forth below and as attached as Exhibit A to the proposed Order attached to this Motion as Exhibit 1.

3. Secured Creditor holds a first priority security interest in Debtors' real property located at 213 DELWOOD STREET, WESTWOOD, CALIFORNIA (the "Subject Property"). The Subject Property is a single family residence.

4. With regard to adequate protection, the Debtors believe that Secured Creditor is adequately protected by virtue of the following: (1) the value of the Subject Property is not decreasing; (2) Secured Creditor's cash collateral is being used to maintain and operate the Subject Property (i.e. Secured Creditor's collateral).

**II.      Procedural Background.**

5. On November 20, 2012 Debtors filed a voluntary petition under Chapter 11 of the Bankruptcy Code (the "Petition Date"). Debtors are Debtors and Debtors in Possession pursuant to Sections 1107(a) and 1108 of the Bankruptcy Code. Namely, Debtors own and operate the Subject Property.

6. No request has been made for the appointment of a trustee or examiner, and no official committees have been established in their chapter 11 case.

**III.     Jurisdiction and Venue.**

7. This Court has jurisdiction over this matter pursuant to 28 U.S.C. §§ 157 and 1134. This is a core proceeding pursuant to 28 U.S.C. § 157(b)(2)(A), (D) and (M). The basis for the relief sought herein are Sections 361 and 363 of the Bankruptcy Code, Bankruptcy Rule 4001(b), and LR 4001(b). Venue of the Debtors' Chapter 11 case in this District is proper pursuant to 28 U.S.C. §§ 1408 and 1409.

**IV.      Factual Background.**

*A.    Debtors' Financial Situation.*

8. The Debtors own the Subject Property which Debtors estimate has an approximate value of $50,000.00. The secured claims encumbering the Subject Property total approximately $145,882.

9. The Debtors estimate they will have the following average monthly operating expenses in connection with the Subject Property:

| **213 DELWOOD STREET, WESTWOOD, CALIFORNIA** | |
|---|---|
| Cash Collateral Budget | |
| **Expense:** | **Monthly Average:** |
| Property Insurance | $100 |
| Property Taxes | $85 |
| Repairs & Maintenance | $50 |
| **Total Expenses:** | **$235** |

**V.  Legal Argument.**

**A.  *The Debtors Should Be Permitted To Use Cash Collateral.***

10. Section 363(c)(2) of the Bankruptcy Code provides that a Debtor-in-possession may not use cash collateral unless: (A) each entity that has an interest in such cash collateral consents; or (B) the court, after notice and a hearing, authorizes such use. 11 U.S.C. §363(c)(2).

11. The term "cash collateral" is defined in Section 363(a) of the Bankruptcy Code includes the following:

> [C]ash, negotiable instruments, documents of title, securities, deposit accounts, or other cash equivalents whenever acquired in which the estate and an entity other than the estate have an interest and includes the proceeds, products, offspring, rents, or profits of property and the fees, charges, accounts or other payments for the use or occupancy of rooms and other public facilities in hotels, motels, or other lodging properties subject to a security interest as provided in section 552 (b) of this title, whether existing before or after the commencement of a case under this title.

11 U.S.C. § 363(a).

12. If, pursuant to Section 363(c)(2) of the Bankruptcy Code, a Debtor is permitted to use cash collateral, the Debtor-in-possession may still be required to provide adequate protection to an

entity with an interest in the cash collateral. Section 363(e) of the Bankruptcy Code provides, in pertinent part, includes as follows:

> (e)   Notwithstanding any other provision of this section, at any time, on request of an entity that has an interest in property used, sold, or leased, or proposed to be used, sold, or leased, by the trustee, the court, with or without a hearing, shall prohibit or condition such use, sale, or lease as is necessary to provide adequate protection of such interest. . . .

11 U..S.C. § 363(e).

13.   As applied to the Debtors' Subject Property, Secured Creditor is the first priority party with a properly perfected security interest in the cash collateral.

14.   Without the use of cash collateral, the Debtors will not be able to maximize and preserve the value of the Subject Property, or pay ordinary expenses necessary for business operations of the Subject Property, which may result in Secured Creditor foreclosing on its collateral and unsecured creditors receiving nothing.

15.   The Debtors should be allowed to use cash collateral in existence as of the Petition Date or subsequently collected in the ordinary course of the Debtors' business from the Petition Date until further order of the Court for the following purposes:

(a)   To make payments for postpetition operating expenses incurred in the ordinary course of business, and in accordance of with the budget attached as Exhibit A to the proposed Order attached hereto as Exhibit 1 (the "Budget"), provided the total amount expended per period for each line item does not exceed 125% of the amount budgeted for said line item in the Budget; and

(b)   To pay Secured Creditor any required adequate protection payments; and

(c)   Any other use of cash collateral approved by this Court or Secured Creditor.

### B.   *Adequate Protection For Secured Creditor*

16.   Pursuant to 11 U.S.C. §361, when adequate protection is required under §363 of this Code, such adequate protection may be provided by—

> (1)   requiring the Debtors to make periodic cash payments to such entity, to the extent that the use under section 363 of this title, or any grant of a lien under section 364

-4-

of this title results in a decrease in the value of such entity's interest in such property;

(2) providing to such entity an additional or replacement lien to the extent that such stay, use, sale, lease, or grant results in a decrease in the value of such entity's interest in such property; or

(3) granting such other relief, other than entitling such entity to compensation allowable under section 503 (b)(1) of this title as an administrative expense, as `will result in the realization -by such entity of the indubitable equivalent of such entity's interest in such property.

17. Adequate protection, in turn, is a concept that Section 361 of the Code illustrates, but does not define. That section recognizes that, to the extent that use of cash collateral "results in a decrease in the value of such entity's interest in such property," adequate protection may consist of cash payments or replacement liens. 11 U.S.C. § 361(1), (2). In addition, as explained by Judge Markell in In re Las Vegas Monorail Co., 429 B.R. 317 (Bankr. D. Nev. 2010), the estate may provide other forms of adequate protection so long as they "will result in the realization by the secured party of the indubitable equivalent of such entity's interest in such property." 11 U.S.C. § 363(3).

18. As noted by the Bankruptcy Appellate Panel of the Ninth Circuit, "`[t]here is an inherent tension between a Debtors' need to use its cash to continue operating and a secured creditor's right to preserve its security interest in the Debtors' cash proceeds.'" In re ProAlert, LLC, 314 B.R. 436, 441 (B.A.P. 9th Cir. 2004) (quoting Stephen A. Stripp, *Balancing the Interests in Orders Authorizing the Use of Cash Collateral in Chapter 11*, 21 SETON HALL L. REV. 562, 565-66 (1991)). The general purpose of adequate protection is to ensure that the secured creditor ultimately receives what it would have received had not bankruptcy intervened. Las Vegas Monorail, at 326. "Although stripped of the right to immediate possession of its property, the creditor receives assurances that the value it could have received through foreclosure will not decline.'" ProAlert, at 441-42 (quoting 3 JAMES F. QUEENAN, JR. ET. AL, CHAPTER 11 THEORY AND PRACTICE § 16.03 (1994)).

19. In Las Vegas Monorail, the court held that the Debtors' use of cash collateral to operate and maintain the lender's collateral can, in and of itself, constitute sufficient adequate protection. Las Vegas Monorail, at 341. In a similar manner, other courts have found that a Debtors' use of cash

collateral to maintain properties from which proceeds are being generated is a sufficient form of adequate protection. *See* Federal Nat'l Mortg. Ass'n v. Dacon Bolingbrook Assocs. Ltd. P'ship. 153 B.R. 204, 214 (N.D. Ill. 1993) ("[T]he required adequate protection of Rents is satisfied to the extent the Debtors reinvests the rents in the operation and maintenance of the property because the value of the secured creditor's interest in its collateral will thereby be increased."); In re 499 W. Warren Street Assocs., Ltd. P'ship, 142 B.R. 53, 58 (Bankr. N.D.N.Y. 1992) (allowing the use of cash collateral to maintain property); In re McCombs Prop. VI, Ltd., 88 B.R. 261, 267 (Bankr. C. D. Cal. 1988) (holding that rents could be spent to make repairs or renovations that would increase rent flow even without equity cushion); In re Stein, 19 B.R. 458, 460 (Bankr. E.D. Pa. 1982).

20. Las Vegas Monorail relied upon the Supreme Court's decision in United Sav. Ass'n of Texas v. Timbers of Inwood Forest Assocs., Ltd., 484 U.S. 365 (1988). There, the Court held that when collateral was not diminishing in value, the mere passage of time did not warrant adequate protection to the secured creditors. *Id.*, at 382. *See also:* In re Integrated Health Services, Inc., 260 B.R. 71, 74 (Bankr. D. Del. 2001) (denying adequate protection or stay relief because the creditor failed to provide sufficient evidence showing that the value of the collateral was declining); In re Elmira Litho, Inc., 174 B.R. 892, 902 (Bankr. S.D.N.Y. 1994); In re Continental Airlines, Inc., 134 B.R. 536, 544 (Bankr. D. Del. 1991) (citing Timbers for the proposition that: "An undersecured creditor is only entitled to adequate protection payments if its collateral is declining in value.").

21. The Debtors' use of Secured Creditor's cash collateral to maintain and operate the Subject Property adequately protects Secured Creditor. In addition, the Debtors will maintain adequate insurance on the Subject Property and provide proof of upon request of Secured Creditor. The Debtors propose adequate protection in the form of monthly payments to Secured Creditor in the amount of $4,000, using funds generated from business operations of the Subject Property.

**VI.    Conclusion.**

The Debtors respectfully request that Court order as follows:

1. Enter the attached order granting this Motion, and thereby granting interim approval of the Debtors' use of cash collateral pursuant to 11 U.S.C. §363.;

2. Schedule a final hearing for approval of the Motion at least twenty (20) days hereafter;

3. Approve adequate protection for Secured Creditor in the form of the Debtors' use of cash collateral to operate and maintain Secured Creditor's collateral; and

4. Grant such other relief as is just and proper.

DATED this 20th day of November, 2012.

                          DARBY LAW PRACTICE, LTD.

                          By: */s/ Kevin A. Darby*
                          KEVIN A. DARBY (NV SB# 7670)
                          4777 Caughlin Parkway
                          Reno, Nevada 89519

<u>**Exhibit 1**</u>
**PROPOSED ORDER**

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

<u>**EXHIBIT 1**</u>
**PROPOSED ORDER**

-8-

KEVIN A. DARBY, ESQ. NV SB#7670
TRICIA M. DARBY, ESQ. NV SB#7956
TYLER M. ELCANO, ESQ. NV SB#10578
DARBY LAW PRACTICE, LTD.
4777 Caughlin Parkway
Reno, Nevada 89519
Telephone: (775) 322-1237
Facsimile: (775) 996-7290
E-mail: kevin@darbylawpractice.com

[Proposed] Reorganization Counsel
for Debtors

**UNITED STATES BANKRUPTCY COURT**

**DISTRICT OF NEVADA**

| | |
|---|---|
| In re:<br><br>JAMES FREDERICK RAUM  and<br>JULIE ANN MARIE RAUM ,<br><br>                    Debtors.<br>_____/ | CASE NO.:    BK-N-12-52643-btb<br>Chapter 11<br><br>**ORDER GRANTING MOTION TO APPROVE USE OF CASH COLLATERAL PURSUANT TO 11 U.S.C. §363 RE: 213 DELWOOD STREET, WESTWOOD, CALIFORNIA**<br><br>Hearing Date:<br>Hearing Time: |

Upon the application, dated November 20, 2012, (the "Application"), of the Debtors and Debtors in possession, JAMES FREDERICK RAUM  and JULIE ANN MARIE RAUM  for an order pursuant to Section 363 of Title 11 of the United States Code, 11 U.S.C. §§ 101-1532 (as amended, the "Bankruptcy Code"), authorizing use of cash collateral of NEVADA STATE BANK Successor in Interest to Community National Bank ("Secured Creditor"); this Court having jurisdiction to consider

-9-

the Application and the relief requested, this matter being a core proceeding pursuant to 28 U.S.C. § 157(b); the venue being proper pursuant to 28 U.S.C. §§ 1408 and 1409; having determined legal and factual bases establishing just cause exists; it is hereby

**ORDERED** that the Motion is GRANTED; it is further

**ORDERED** that the Debtors is hereby authorized to use cash collateral on an interim basis pursuant Fed. R. Bankr. P. 4001(b) and LR 4001(b) for a period up to and including the date of entry of a final order relating to cash collateral, in accordance with the budget attached to this Order as Exhibit A; it is further

IT IS SO ORDERED.

SUBMITTED BY :

 */s/ Kevin A. Darby*
 KEVIN A. DARBY, ESQ.
 Darby Law Practice, Ltd.
 4777 Caughlin Parkway
 Reno, Nevada 89519

# # #

**EXHIBIT A**

| 213 DELWOOD STREET, WESTWOOD, CALIFORNIA ||
|:---:|:---:|
| **Cash Collateral Budget** ||
| **Expense:** | **Monthly Average:** |
| **Property Insurance** | **$100** |
| **Property Taxes** | **$85** |
| **Repairs & Maintenance** | **$50** |
| **Total Expenses:** | **$235** |

**EXHIBIT A**

-11-