KEVIN A. DARBY, ESQ. (#7670)
TRICIA M. DARBY, ESQ. (#7956)
DARBY LAW PRACTICE, LTD.
4777 Caughlin Parkway
Reno, Nevada 89519
Telephone: (775) 322-1237
Facsimile: (775) 996-7290
E-mail: kevin@darbylawpractice.com

Counsel for Debtors

# UNITED STATES BANKRUPTCY COURT

# DISTRICT OF NEVADA

| | |
|---|---|
| In re:<br><br>JAMES FREDERICK RAUM and<br>JULIE ANN MARIE RAUM,<br><br>Debtors. | Case No. BK-N-12-52643-BTB<br>Chapter 11<br><br>**EX PARTE MOTION FOR ENTRY OF FINAL DECREE AND ORDER CLOSING CHAPTER 11 BANKRUPTCY**<br><br>Hearing Date: Ex parte<br>Hearing Time: No hearing required |

Reorganized Debtors, JAMES FREDERICK RAUM and JULIE ANN MARIE RAUM (the "Debtors"), by and through their counsel of record, KEVIN A. DARBY, ESQ. of Darby Law Practice, Ltd., moves this Court, *on an ex parte basis*, for entry of final decree and an order closing this case (the "Motion"). This Motion is made pursuant to 11 U.S.C. §350 and Fed. R. Bankr. P. 3022, Local Rules 3022 and 9014, and is supported by the Debtors' confirmed Chapter 11 Plan of Reorganization and the following points and authorities.

## POINTS AND AUTHORITIES

1. This voluntary Chapter 11 case was filed on November 20, 2012. *See Doc 1.*

2. On May 17, 2013, this Court entered an Order Confirming Debtors' Chapter 11 Plan of Reorganization. *See Doc 91.*

3. Pursuant to section 11(C) of the confirmed plan, the Debtors' "estate shall be deemed to be fully administered upon the commencing of distributions to any creditor under the Plan."

4.      In this Motion, Debtors seeks entry of a final decree and for an order closing this case as being fully administered pursuant to the terms of the Plan.

5.      Closure of a case is governed by 11 U.S.C. § 350(a), which provides: "After an estate is fully administered and the court has discharged the trustee, the court shall close the case." Bankruptcy Rule 3022 helps courts implement § 350(a) in the chapter 11 context. Rule 3022 provides: "After an estate is fully administered in a chapter 11 reorganization case, the court, on its own motion or on motion of a party in interest, shall enter a final decree closing the case." Fed.R.Bankr.P. 3022. Commentary associated with this Rule provides useful guidance in its application. A 1991 Advisory Committee Note provides:

> Entry of a final decree closing a chapter 11 case should not be delayed solely because the payments required by the plan have not been completed. Factors that the court should consider in determining whether the estate has been fully administered include (1) whether the order confirming the plan has become final, (2) whether deposits required by the plan have been distributed, (3) whether the property proposed by the plan to be transferred has been transferred, (4) whether the Debtors or the successor of the Debtors under the plan has assumed the business or the management of the property dealt with by the plan, (5) whether payments under the plan have commenced, and (6) whether all motions, contested matters, and adversary proceedings have been finally resolved.

Fed.R.Bankr.P. 3022, Advisory Committee Note (1991). The nature of these considerations calls for a flexible, case-by-case evaluation of a number of procedural and practical factors. In re Union Home & Industrial, Inc., 375 B.R. 912, 917 (10th Cir. BAP 2007).

6.      Debtors submit that all administrative tasks in this case have been completed and, therefore, it has been fully administered and entry of a final decree under section 350 of the Bankruptcy Code is appropriate.

7.      To Debtors' knowledge, all matters relating to the allowance, amount, validity and priority of claims have been resolved, and there should be no need or occasion for the Debtors, or any other party in interest to seek any other or further relief from this Court in connection with this case.

8.      The Debtors' Plan was confirmed and has been substantially consummated. *See*, 11 U.S.C. § 1101(2) (defining "substantial consummation"). Debtors have commenced making required

payments under the Plan to creditors. Furthermore, any issues concerning claims have been resolved, so the only thing that remains to be done is for the Debtors to successfully perform under its Plan.

9. In addition, the Debtors believes that the further activities necessary to carry out its Plan, including the making of distributions to the holders of allowed claims during the existing life of the Plan can proceed effectively without the continuing supervisory jurisdiction of this Court.

10. The closing of the case would also avoid the further accrual of quarterly obligations for Debtors to pay fees to the United States Trustee pursuant to 28 U.SC. § 1930.

11. The Debtors intends to pay any outstanding Trustee fees under 28 U.S.C. § 1930 not later than thirty (30) days after entry of the final decree. The proposed order accompanying this application requires such payment within that time.

WHEREAS the Debtors has completed the tasks necessary for this Confirmed Plan to be deemed fully administered and substantially consummated, the Debtors respectfully requests the entry of an order closing this case and authorizing the entry of final decree as proposed in form substantially and attached hereto as Exhibit A.

DATED this 4th day of September, 2013.

DARBY LAW PRACTICE, LTD.

By: ___/s/ Kevin A. Darby_____
KEVIN A. DARBY, ESQ.
Counsel for Debtors

APPROVED:

OFFICE OF THE U.S. TRUSTEE

By: _____
Attorney for Acting United States Trustee
August B. Landis

DARBY LAW PRACTICE
4777 Caughlin Parkway
Reno NV 89519
775. 322.1237

3

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

**EXHIBIT 1**

**EXHIBIT 1**

DARBY LAW PRACTICE
4777 Caughlin Parkway
Reno NV 89519
775. 322.1237

|   |   |
|---|---|
| 1 |   |
| 2 |   |
| 3 |   |
| 4 |   |
| 5 |   |
| 6 |   |
| 7 |   |
| 8 | KEVIN A. DARBY, ESQ. (NV SB#7670)  |
| 9 | TRICIA M. DARBY, ESQ. (NV SB#7956)<br>DARBY LAW PRACTICE, LTD. |
| 10 | 4777 Caughlin Parkway<br>Reno, Nevada 89519 |
| 11 | Telephone: (775) 322.1237 |
| 12 | Facsimile:  (775) 996.7290<br>kevin@darbylawpractice.com |
| 13 |   |
| 14 | Counsel for Debtors and<br>Debtors in Possession |

**UNITED STATES BANKRUPTCY COURT**

**DISTRICT OF NEVADA**

| In re: | Case No. BK-12-52643-BTB<br>Chapter 11 |
|---|---|
| JAMES FREDERICK RAUM and<br>JULIE ANN MARIE RAUM,<br><br>Debtors. | **ORDER CLOSING CHAPTER 11 BANKRUPTCY CASE AND AUTHORIZING ENTRY OF FINAL DECREE**<br><br>Hearing Date:  Ex parte<br>Hearing Time: No hearing required |

    Upon the ex parte motion for entry of final decree and order closing this present chapter 11 case filed September 4, 2013 by Debtors, JAMES FREDERICK RAUM and JULIE ANN MARIE RAUM, (the "Motion"); this Court having considered the Debtors' confirmed chapter 11 plan of reorganization and the papers and pleadings filed herein; and having determined the estate as fully

administered and substantially consummated; good cause appearing,

    IT IS HEREBY ORDERED, the Motion is GRANTED; this present chapter 11 bankruptcy case is closed effective upon entry of this order;

    IT IS FURTHER ORDERED that the Clerk of this Court is authorized to enter the FINAL DECREE.

    IT IS SO ORDERED.

Submitted:                                           Approved:

*[Signature: William B. Cossitt]*
Attorney for Acting United States Trustee
August B. Landis

By: */s/ Kevin A. Darby*                      By:_____
    KEVIN A. DARBY, ESQ.                 Attorney for Acting United States Trustee
    Darby Law Practice, Ltd.                August B. Landis
    4777 Caughlin Parkway
    Reno, Nevada 89519
    (775) 322-1237
    Counsel for Debtors

                                                # # #